Frederic GAGEL, et al., Plaintiff,

v.

KINGSTON GREENE PARTNERS, LTD. et al., Defendants.

and

GWF INVESTMENT, LTD., Plaintiff,

v.

H. Garrett FREY, et al., Defendants.

In the Matter of GWF INVESTMENT, LTD., Debtor.

Bankruptcy No. 3–81–00699.

Adv. Nos. 3–81–0337, 3–81–0428.

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 4, 1982.

Horace W. Baggott, Dayton, Ohio, for plaintiff.

Daniel Conkle, Cincinnati, Ohio, for John L. Evans, Jr.

Thomas R. Noland, Dayton, Ohio, for Frey.

Frank E. Cunningham, Cincinnati, Ohio, for defendants.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon "Motion for a Jury Trial" filed by Plaintiff on 23 September 1982. On 12 October 1982, Defendants filed a "Memorandum in Opposition to Jury Trial Demand," which Plaintiff replied to on 15 October 1982. The following decision is based upon the parties memoranda and the record.

This matter was removed to this Court from the Butler County (Ohio) Court of Common Pleas on 30 June 1982. The Complaint and a simultaneous jury demand were filed on 5 December 1980. The Complaint essentially requests a money judgment based upon an alleged breach of contract, and/or the setting aside of a conveyance of real property because of alleged fraudulent conduct, along with compensatory and punitive damages.

Defendants object to Plaintiff's Motion for Jury Trial on the following grounds

(1) The Motion is untimely under Interim Bankruptcy Rule 9001, which requires that a jury demand be made "not later than ten days after the service of the last pleading directed to such issue";

(2) Plaintiff's request involves determination of the ". . . elements of summary jurisdiction before a Court being asked to exercise equitable powers"; and

(3) The Court's jurisdiction over jury questions is doubtful in light of the recent United States Supreme Court decision, *Northern Pipeline Construction Co.*

*v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598, 9 B.C.D. 67 (1982).

■ It is the determination of the Court that Plaintiff's Motion for Jury Trial is both timely and appropriate as to those issues triable by a jury as a matter of right. A timely demand in a state court matter prior to removal of that matter to this Court is timely for purposes of bankruptcy court consideration, by rule, without the necessity of further demand in the proceeding as removed. Interim Bankruptcy Rule 7004(g) [F.R.C.P. 81(c)]. In addition, an unqualified demand is interpreted, by rule, as a demand for trial by jury "for all the issues so triable." F.R.C.P. 39(c) [Interim Bankruptcy Rule 9001(b)].

■ It appears to the Court that the instant Complaint presents issues in the nature of both law and equity, and as such entitles Plaintiff to a partial determination by jury. United States Constitution, 7th Amendment; 28 U.S.C. § 1480; See generally, 9 Wright and Miller, Federal Practice and Procedure §§ 2306 and 2338. Although the United States Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co., supra,* may give rise to questions as to the appropriate forum to consider the instant jury questions, the *Northern Pipeline* decision cannot be read to effect a forfeiture of the right to a jury trial as requested herein.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Jury Trial is deemed timely and is GRANTED, insofar as Plaintiff is entitled to a jury trial on part of the issues *sub judice.* IT IS FURTHER ORDERED that the parties forthwith specify those issues triable to a Court and those triable by the jury within the proposed pretrial order as ordered by the Court on 3 June 1981.